IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS SCOTT WERLING,

Plaintiff,

v.

FRANCES PIZANO and JOSEPH ALLEN BELL,

Defendants.

ORDER

24-cv-590-jdp

---

Plaintiff Nicholas Scott Werling, proceeding without counsel, alleges that when he was placed in a shelter care facility as a minor, another minor assaulted him and the minor and staff lied to police about Werling being the aggressor, leading to his unsuccessful prosecution for physical abuse of a child. I granted Werling leave to proceed on Fourth Amendment malicious prosecution claims against the staffers who lied to police. This order concerns the default of both defendants, Frances Pizano and Joseph Allen Bell.

In my previous order, I directed the clerk of court to enter default against both Pizano and Bell. Dkt. 15. I also directed Werling to respond with further explanation supporting his requests for $500,000 in compensatory damages and $500,000 in punitive damages against each defendant. *Id.* (citing *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("after the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." (internal quotation omitted))). In particular, I noted that Werling hadn't explained how defendants' lies leading to his malicious prosecution for physical abuse of a child actually harmed him, given that he was also prosecuted for—and convicted of—two other crimes. Dkt. 15, *see also* Rock County Case No. 2022CF472.

Werling has responded with an amended motion for default judgment, Dkt. 17, and a motion to hold a hearing, Dkt. 24. Werling discusses the following types of injuries or classes of damages:

- Time spent in pretrial custody (more than 600 days) on his felony charge that was far longer than the maximum sentences for the misdemeanors that he was ultimately convicted of, and that he was forced to serve due to extremely large bail amounts ($500,000) assessed given the felony charge.

- Lost wages for his extra time in pretrial custody.

- Fees paid to his defense attorneys to defend against the physical-abuse-of-a-child charge.

- Loss of "opportunit[ies] to work, pursue education, maintain important relationships, and many other things."

- Emotional distress.

- Punitive damages.

Dkt. 18.

Werling's submission is sufficient for me to conclude that this case should proceed to a hearing on his damages.

At that hearing, Werling must present evidence that establishes his damages with reasonable certainty. *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The evidence that Werling has provided thus far isn't sufficient to meet this standard concerning most of his asserted damages. For instance, it doesn't appear that Werling actually spent extra time in pretrial custody because of his later-dismissed felony physical-abuse-of-a-child charge. Online court records show that shortly after Werling was arrested on this charge, he was charged in a separate case with possessing a firearm in violation of an order not to possess a firearm in conjunction with a civil commitment, a more serious Wisconsin felony than the physical-abuse-of-a-child charge, and detained on that charge (and later convicted).

2

*See* Milwaukee County Case No. 2022CF2289.[1] And Werling doesn't explain anything about the "opportunities" that he missed out on during this time that would justify an award of damages.

At the hearing, Werling will not need to prove that defendants violated his rights because that has been established by defendants' default. Werling is entitled to reasonable compensation for the losses that he suffered as a result of defendants' conduct, and he will have to provide evidentiary support for the compensation that he requests. If Werling cannot prove any compensable harm, he will receive nominal damages of $1. To recover punitive damages against defendants, Werling will have to show that they acted with "ill will or spite" or in "reckless disregard" of his rights. Fed. Civ. Jury Instr. of the Seventh Circuit 7.28.

Werling may present his own testimony about the harm he suffered in a narrative form (that is, without asking himself questions). His testimony should be based on his own observations and experience. If Werling wants compensation for any expenses related to his claims, he should bring documentation to the hearing, such as medical or financial records, to prove those expenses. Werling should submit copies of any proposed exhibits to the court at least two weeks before the hearing.

One final point. I will direct the clerk of court to send defendants a copy of this order along with other documents from this case. I would ordinarily have the clerk send those documents to defendants at the addresses listed in the Marshal's service return forms. But Werling—who throughout this litigation has submitted certificates of service stating that he has sent defendants copies of his filings—states that defendant Pizano's address has changed

---

[1] Available at https://wcca.wicourts.gov.

3

from the address at which she was served the complaint. *See* Dkt. 11-2. I'll direct the clerk to

send copies to Pizano at both the previous and updated address. I will also direct Werling to

respond to this order, explaining how he knows that the new address is correct.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for a default hearing, Dkt. 24, is GRANTED.

2. The clerk of court is directed to work with the Wisconsin Department of Corrections to schedule an in-person hearing on plaintiff's motion for default judgment, and to issue a writ of habeas corpus ad testificandum for plaintiff's appearance at that hearing.

3. The clerk of court is directed to provide this order, notice of the default hearing, and copies of Dkts. 15–18 to defendant Bell at the residence listed in Dkt. 8, and copies of these documents to defendant Pizano at both the residences listed in Dkt. 7 and Dkt. 11-2.

4. Plaintiff may have until June 3, 2026, to respond to the court regarding his knowledge of defendant Pizano's address.

Entered May 20, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge